IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT L. CLEVELAND, JR. | ) |
| | ) |
| v. | ) NO. 3-12-0275 |
| | ) JUDGE CAMPBELL |
| FRONTSTREAM DTI, LLC | ) |

MEMORANDUM

Pending before the Court are Plaintiff's Motion for Summary Judgment (Docket No. 17) and Defendant's Cross-Motion for Summary Judgment (Docket No. 20). For the reasons stated herein, Plaintiff's Motion (Docket No. 17) is DENIED, and Defendant's Cross-Motion (Docket No. 20) is GRANTED.

FACTS

Plaintiff's Complaint alleges that on or about April 2, 2008, Plaintiff and Defendant entered into an employment contract ("Employment Agreement" or "Agreement") wherein Plaintiff agreed to serve as Executive Vice-President of Defendant. Plaintiff contends that he faithfully performed all conditions and requirements of his Employment Agreement.

The Employment Agreement provides that it shall continue for a period of four (4) years or until terminated by Plaintiff or Defendant pursuant to the Agreement. The Employment Agreement provides that it shall automatically renew for successive one (1) year terms absent ninety (90) days written notice by either party of its intention not to renew the Agreement prior to the end of the then current term. Docket No. 1-1, Section 1.03.

Plaintiff asserts that on or about December 15, 2011, Defendant sent Plaintiff a letter advising him that, because of a company restructuring, his Employment Agreement would not be

renewed when it expired on April 2, 2012. The letter released him from all his day-to-day responsibilities with the company but asked him to be available to answer questions until the expiration of the Employment Agreement.[1] Docket No. 1-2. Plaintiff claims that Defendant's actions constituted a constructive termination of Plaintiff's employment without cause.

Section 4.03(a) of the Employment Agreement provides:

If Employer terminates Executive's employment with Employer other than for Cause or other than by reason of Executive's death or Disability, Executive shall be entitled to receive (i) Base Salary earned through the date of termination that remains unpaid as of the date of Executive's termination . . ..

Docket No. 1-1, Section 4.03(a).

Subsection (b) provides:

If Employer terminates Executive's employment with Employer other than for Cause or other than by reason of Executive's death or Disability, Employer shall continue to pay Executive his Base Salary for a period of one-half of the remaining term of this Agreement following the effective date of his termination.

Docket No. 1-1, ¶ 4.03(b).

The Second Amendment to the Employment Agreement (Docket No. 1-3) provides that in the event Defendant terminates Plaintiff's employment other than for cause or other than by death or disability, Defendant shall, upon written notice from Plaintiff to Defendant at least ninety days prior to the final Base Salary payment made to Plaintiff, repurchase certain Executive Stock owned by Plaintiff. Docket No. 1-3.

---

[1] Plaintiff also asserts that he was relieved of all his duties and responsibilities as Executive Vice-President, his computer and other credentials were disabled, he was removed from the corporate distribution list, and he was denied the ability to support existing clients or add new clients.

2

Plaintiff claims that Defendant owes him his base salary for one-half of the remaining term of the Employment Agreement and must repurchase all of Plaintiff's stock in the company, relying on Section 4.03(b) and Article VI(e), as amended. Defendant claims that Plaintiff's employment was not terminated; his contract simply expired and was not renewed. Plaintiff does not dispute that he was paid in full for the entire remaining term of his contract. The parties agree that Defendant did not repurchase Plaintiff's stock. Plaintiff argues that he is excused from complying with this provision requiring written notice because Defendant materially breached the Employment Agreement.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence

3

has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

ANALYSIS

Through its December 15, 2011 letter, Defendant followed the procedure set forth in Section 1.03 of the Employment Agreement for giving notice of its intent not to renew Plaintiff's contract. The Court finds that Defendant did not breach the Agreement by failing to renew it for an additional term. Neither party had an obligation to renew the Agreement after its term ended.

Plaintiff argues that Defendant breached the Agreement by constructively terminating his employment through taking away his day-to-day responsibilities. Plaintiff remained an employee, however. He was not replaced.[2] He admits that he continued to draw his full salary and accepted his commissions until the term of the Agreement ended. This case differs from *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88 (Tenn. 1999), cited by Plaintiff, in that the plaintiff in that case was replaced with more than one year remaining in his employment agreement. That plaintiff obtained new employment after his duties were removed, and the employer sought to avoid its obligation to pay the plaintiff for the remainder of the term. Here, as noted above, Defendant notified Plaintiff, with less than four months left in the term of his Agreement, that it would not be renewing that Agreement. Plaintiff remained an employee of Defendant until the end of the term of his Agreement. He was not replaced, and he received his entire salary after Defendant chose not to

---

[2] Although Plaintiff states that his position was "apparently" filled by Kerry Kodatt and/or Terry Roberts, the cited letter (Docket No. 1-2) does not indicate that he was replaced and the sworn testimony of Tom Head indicates that Plaintiff was not replaced. Docket No. 23, ¶ 9.

4

renew the Agreement. The Court finds that Plaintiff was not constructively terminated. He received the benefit of the bargain of his contract with Defendant.

As noted, Plaintiff's Complaint alleges that Defendant owes him his base salary for a period of one-half of the remaining term of the Employment Agreement and that Defendant is obligated to repurchase Plaintiff's stock. Docket No. 1, ¶¶ 11-12. Here, we have the unusual circumstance of Defendant's paying *more* of his salary than Plaintiff claims Defendant was obligated to do. The Court finds that Plaintiff was not terminated. Rather, his Employment Agreement was simply not renewed. Therefore, the option to have Defendant repurchase his stock does not apply.

Even if Plaintiff was terminated (which the Court does not find), it is undisputed that Plaintiff knew, on December 15, 2011, that the Agreement required ninety days written notice to exercise his repurchase option if he was terminated without cause. Defendant also knew that his last salary payment would come at the end of the term of the Employment Agreement. Yet, Plaintiff *never* gave written notice that he was exercising his repurchase option. Docket No. 25, ¶ 10. Plaintiff asks the Court to excuse this failure because Defendant materially breached the Agreement. As stated above, the Court finds that Defendant did *not* breach the Employment Agreement. Defendant merely let the Agreement expire on its own terms and did not renew it.

5

Therefore, because Plaintiff failed to give the required ninety day written notice,[3] Defendant was under no obligation to repurchase Plaintiff's stock, even if its action in not renewing his contract was actually a termination.

CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment (Docket No. 17) is DENIED, and Defendant's Cross-Motion for Summary Judgment (Docket No. 20) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's argument about the impossibility of giving ninety days written notice is not persuasive. The date of Plaintiff's final Base Salary payment was April 13, 2012. The date on which Plaintiff received notice that his contract would not be renewed was December 15, 2011. Even if the Court accepts Plaintiff's argument that he was terminated without cause, Plaintiff failed to exercise the condition precedent to having his stock repurchased. Nothing about his claim for one-half of his Base Salary lessens the requirement of ninety-days notice by one half.